















JAH   8/17/06   8:55

3:06-CV-01505   ROMEO V. HOME DEPOT USA INC

*5*

*ANS.*

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Shon Morgan (Bar No. 187736)
2  shonmorgan@quinnemanuel.com
   Ezra A. Ross (Bar No. 220710)
3  ezraross@quinnemanuel.com
   Stan Karas (Bar No. 222402)
4  stankaras@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for The Home Depot, Inc.

8

9                 UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11 | JOE ROMEO, individually, and           CASE NO. 06 CV 1505 IEG (NLS)
     CLIFFORD KIDD, individually, on
12 | behalf of themselves and all others    ANSWER TO COMPLAINT
     similarly situated,
13
                  Plaintiffs,
14
          vs.                               **VIA FAX**
15
     THE HOME DEPOT U.S.A., INC. a
16 | Delaware Corporation, dba HOME
     DEPOT USA, INC. and EXPO
17 | DESIGN CENTER; and DOES 1
     through 50, inclusive
18
                  Defendants.
19

20

21

22

23

24

25

26

27

28

20178/1928497.1

                                            ANSWER
                                            06 CV 1505 IEG (NLS)

FILED

06 AUG 16 PH 3:24

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1    TO THE COURT AND ALL PARTIES HEREIN,

2          Defendant The Home Depot, Inc. ("Defendant") for itself alone, and for no

3    other defendant, answering the Complaint dated June 15, 2006 ("Complaint"),

4    pleads as follows:

5                1.     Answering Paragraph 1, Defendant states that the statute speaks

6    for itself.   Other than as admitted herein, Defendant expressly denies all other

7    allegations, generally and specifically.

8                2.     Answering Paragraph 2, Defendant admits that it operates stores

9    throughout the United States.  Other than as admitted herein, Defendant expressly

10   denies all other allegations, generally and specifically.

11               3.     Answering Paragraph 3, Defendant denies all allegations therein.

12               4.     Answering Paragraph 4, Defendant admits that it does business

13   in California, including the County of San Diego, and accepts credit cards.  Other

14   than as admitted herein, Defendant expressly denies all other allegations, generally

15   and specifically.

16               5.     Answering Paragraph 5, upon information and belief, Defendant

17   admits that the amount in controversy exceeds the jurisdictional minimum of this

18   Court.

19               6.     Answering Paragraph 6, Defendant lacks sufficient information

20   to admit or deny the allegations therein, and on that basis denies them.

21               7.     Answering Paragraph 7, Defendant lacks sufficient information

22   to admit or deny the allegations therein, and on that basis denies them.

23               8.     Answering Paragraph 8, Defendant admits that plaintiffs purport

24   to bring this action as a class action.  Other than as admitted herein, Defendant

25   expressly denies all other allegations, generally and specifically.

26               9.     Answering Paragraph 9, Defendant admits that it is a Delaware

27   corporation with a principal place of business in Atlanta, Georgia, and operates

28

1 | stores in the United States.  Other than as admitted herein, Defendant expressly

2 | denies all other allegations, generally and specifically.

3 |        10.    Answering Paragraph 10, Defendant lacks sufficient information

4 | to admit or deny the allegations therein, and on that basis denies them.

5 |        11.    Answering Paragraph 11, Defendant denies all allegations

6 | therein.

7 |        12.    Answering Paragraph 12, Defendant denies all allegations

8 | therein.

9 |        13.    Answering Paragraph 13, Defendant lacks sufficient information

10 | to admit or deny the allegations therein, and on that basis denies them.

11 |        14.    Answering Paragraph 14, Defendant lacks sufficient information

12 | to admit or deny the allegations therein, and on that basis denies them.

13 |        15.    Answering Paragraph 15, Defendant lacks sufficient information

14 | to admit or deny the allegations therein, and on that basis denies them.

15 |        16.    Answering Paragraph 16, Defendant lacks sufficient information

16 | to admit or deny the allegations therein, and on that basis denies them.

17 |        17.    Answering Paragraph 17, Defendant lacks sufficient information

18 | to admit or deny the allegations therein, and on that basis denies them.

19 |        18.    Answering Paragraph 18, Defendant lacks sufficient information

20 | to admit or deny the allegations therein, and on that basis denies them.

21 |        19.    Answering Paragraph 19, Defendant lacks sufficient information

22 | to admit or deny the allegations therein, and on that basis denies them.

23 |        20.    Answering Paragraph 20, Defendant lacks sufficient information

24 | to admit or deny the allegations therein, and on that basis denies them.

25 |        21.    Answering Paragraph 21, Defendant lacks sufficient information

26 | to admit or deny the allegations therein, and on that basis denies them.

27 |        22.    Answering Paragraph 22, Defendant lacks sufficient information

28 | to admit or deny the allegations therein, and on that basis denies them.

1    23.    Answering Paragraph 23, Defendant lacks sufficient information

2  to admit or deny the allegations therein, and on that basis denies them.

3    24.    Answering Paragraph 24, Defendant lacks sufficient information

4  to admit or deny the allegations therein, and on that basis denies them.

5    25.    Answering Paragraph 25, Defendant admits that plaintiffs

6  purport to bring this action as a class action.  Other than as admitted herein,

7  Defendant expressly denies all other allegations, generally and specifically.

8    26.    Answering Paragraph 26, Defendant admits that, as pled, the

9  purported class includes numerous persons.  Other than as admitted herein,

10  Defendant expressly denies all other allegations, generally and specifically.

11    27.    Answering Paragraph 27, Defendant denies all allegations

12  therein.

13    28.    Answering Paragraph 28, Defendant denies all allegations

14  therein.

15    29.    Answering Paragraph 29, Defendant denies all allegations

16  therein.

17    30.    Answering Paragraph 30, Defendant denies all allegations

18  therein.

19    31.    Answering Paragraph 31, Defendant denies all allegations

20  therein.

21    32.    Answering Paragraph 32, Defendant lacks sufficient information

22  to admit or deny the allegations therein, and on that basis denies them.

23    33.    Answering Paragraph 33, Defendant incorporates its previous

24  admission and denials as though stated herein in full.

25    34.    Answering Paragraph 34, Defendant states that the statute speaks

26  for itself.  Other than as admitted herein, Defendant expressly denies all other

27  allegations, generally and specifically.

28

20178/1928497.1

-4-

1    35.    Answering Paragraph 35, admits that it accepts credit cards as a
2    form of payment.  Other than as admitted herein, Defendant expressly denies all
3    other allegations, generally and specifically.

4    36.    Answering Paragraph 36, Defendant denies all allegations
5    therein.

6    37.    Answering Paragraph 37, Defendant denies all allegations
7    therein.

8    38.    Answering Paragraph 38, Defendant denies all allegations
9    therein.

10    **PLAINTIFFS' PRAYER FOR RELIEF**

11    In unnumbered paragraphs, plaintiffs pray for specific items of relief
12    for their claim.  Defendant denies that plaintiffs have suffered harm and denies that
13    they are entitled to relief for themselves or on behalf of others.

14

15    **AFFIRMATIVE DEFENSES**

16    39.    Defendant sets forth the following affirmative defenses.  In
17    asserting these affirmative defenses, Defendant is not assuming the burden to
18    establish any fact or proposition where that burden is properly imposed on plaintiffs.
19    Defendant reserves the right to assert additional affirmative defenses based on facts
20    that are revealed during discovery.

21

22    **FIRST AFFIRMATIVE DEFENSE**

23    **(Failure to State a Claim Upon Which Relief Can Be Granted)**

24

25    40.    The Complaint, and each purported cause of action alleged therein,
26    fails to state facts sufficient to constitute any cause of action against Defendant.

27

28

20178/1928497 1

## SECOND AFFIRMATIVE DEFENSE
## (Lack of Standing)

41.   Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack standing to assert any or all of the causes of action alleged in the Complaint and lack standing to recover on behalf of the purported class and/or the general public.

## THIRD AFFIRMATIVE DEFENSE
## (Arbitration)

42.   Any claim brought on behalf of purchasers of Defendant's products is subject to a written agreement to arbitrate all disputes with Defendant.

## FOURTH AFFIRMATIVE DEFENSE
## (Adequacy of Remedy at Law)

43.   The injury or damage suffered by plaintiffs, if any exists, would be adequately compensated in an action at law for damages. Accordingly, plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

## FIFTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

44.   The Complaint, and the purported causes of action alleged therein, is barred by the equitable doctrines of estoppel, waiver, laches and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

45.   Plaintiffs and/or purported class members have failed to take reasonable, necessary, appropriate and feasible steps to mitigate their alleged damages, and to the extent of such failure to mitigate, plaintiffs and/or purported class members should be barred from recovering some or all of the alleged damages they seek.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver and Release)

46.   The Complaint, and the purported causes of action alleged therein, are barred to the extent plaintiffs and/or purported class members have waived, released, relinquished or abandoned any claim for relief against Defendant with respect to the matters which are the subject of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

47.     Defendant is informed and believes and thereupon alleges that if plaintiffs suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage, or injury was the direct and proximate result of the acts and omissions of plaintiffs or of other persons or entities for whom Defendant is not legally responsible.

## NINTH AFFIRMATIVE DEFENSE
### (Improper Venue)

48.     Although, Defendant does not presently contest venue, it expressly reserves the right to assert that venue in this judicial district is improper as to plaintiffs and/or members of the putative class whose claims are subject to valid forum selection clauses.

## TENTH AFFIRMATIVE DEFENSE
### (Defendant's Practices Not Unlawful)

49.     Defendant alleges that, to the extent plaintiffs prove Defendant conducted any of the activities alleged in the Complaint, those activities conformed with and were pursuant to any and all applicable statutes and regulations and were not unlawful.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Injury Or Damage)

50.    Defendant denies that plaintiffs and/or any purported class members have suffered any injury or damage whatsoever, and further denies it is liable to plaintiffs and/or to any purported class member for any of the injury or damage claimed or for any injury or damage whatsoever.

## TWELFTH AFFIRMATIVE DEFENSE

### (Alleged Injury or Damage Caused by Others)

51.    To the extent plaintiffs and/or the purported class members suffered injury or damage, which Defendant denies, such injury or damage was caused by the actions or conduct of others, not of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

52.    To the extent plaintiffs and/or the purported class members suffered injury or damage, which Defendant denies, such injury or damage was not proximately caused by any conduct or inaction of Defendant, or was not foreseeable, or both.

ANSWER
06 CV 1505 IEG (NLS)

20178/1928497.1

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

53.    The alleged causes of action are barred, in whole or in part, because of ratification, agreement, assent, acquiescence or consent to Defendant's alleged conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Justified and Privileged Conduct)

54.    The alleged causes of action are barred because Defendant's conduct was at all times justified and privileged, and did not result in any wrongful benefit or unjust enrichment to Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lawful business means and objectives)

55.    The alleged causes of action are barred because Defendant employed lawful, proper and justified means to accomplish legitimate business objectives.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Reasonable and Good Faith Conduct)

56.    The alleged causes of action are barred because Defendant acted reasonably and in good faith at all times material to the Complaint based on all relevant facts and circumstances known to it at the time Defendant so acted.

20178/1928497 1

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Incompetence of Plaintiff)

57.    This action is not brought by a competent plaintiff for the benefit of the assertedly injured persons.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Uniform Claims)

58.    The claims plaintiffs purport to assert do not present issues sufficiently uniform to allow representative treatment.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unmanageable and Inequitable Relief Requested)

59.    The alleged causes of action are barred, in whole or part, because the relief requested by plaintiffs is unmanageable and inequitable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Industry Standards)

60.    The alleged causes of action are barred, in whole or in part, because the alleged conduct of which plaintiffs complain comported with the prevailing business practices and standards of the industry at issue.

20178/1928497.1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Indemnity)

61.     If Defendant is found in some manner responsible to plaintiffs and/or the purported class for the matters alleged in the Complaint, any such injury, damage, or other costs were proximately caused and contributed to by the negligence, fault, acts or omissions of other individuals or entities for whose conduct Defendant is not responsible.  By reason of the foregoing, Defendant requests a court declaration of its right to be indemnified and held harmless by such persons or entities.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Uncertainty)

62.     The Complaint and the allegations thereof are uncertain.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

63.     The claims asserted by plaintiffs are barred because, although Defendant denies each and every claim of plaintiffs and denies that Defendant engaged in wrongdoing or error of any kind, any alleged error on Defendant's part was unintentional and resulted from a bona fide error notwithstanding Defendant's use of reasonable procedures adopted to avoid any such error.

20178/1928497.1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

64. To the extent that plaintiffs seek recovery of attorneys' fees, such fees are not recoverable.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Violations of the Statute Not Intentional)

65. Monetary relief is not available because Defendant's alleged violations of the Song Beverly Credit Card Act were not intentional. Cal. Civ. Code § 1747.08(e).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (The Information Was Required for a Legitimate Purpose)

66. The alleged requests for telephone numbers were necessary to achieve a "special purpose incidental but related to the individual credit card transaction." Cal. Civ. Code § 1747.08(c)(4).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Class Action Inappropriate)

With respect to each and every allegation of the Complaint as they relate to the request for class certification, class certification is not appropriate because there is a lack of:

(a) commonality or community of interest;

1  (b)  typicality;

2  (c)  an ascertainable class;

3  (d)  adequate representation;

4  (e)  appropriateness of relief to the putative class as a whole;

5  (f)  predominance of common questions over questions affecting

6     individual class members;

7  (g)  substantial benefit to the litigants and the Court; and

8  (h)  superiority of a class action to other available methods for fair

9     and efficient adjudication.

10

11  WHEREFORE, Defendant prays for a judgment as follows:

12  1.  That plaintiffs take nothing by reason of the Complaint;

13  2.  That judgment be entered in favor of Defendant and against

14 plaintiffs;

15  *3.*  *That the Complaint be dismissed with prejudice;*

16  4.  That Defendant be awarded its costs of suit, including reasonable

17 attorneys' fees; and

18  5.  For such other relief as this Court deems just and proper.

19

20 DATED: August 16, 2006   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

21

22        By _____

23        Stan Karas

          Attorneys for Defendant

24

25

26

27

28

# VIA FAX

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On August 16, 2006, I served true copies of the following document(s) described as: **ANSWER TO COMPLAINT,** on the parties in this action as follows:

### SEE ATTACHED LIST.

[ ] **BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s) addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

[ ] **BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile pursuant to *Federal Rule of Civil Procedures 5 (b)(2)(d).* The telephone number of the sending facsimile machine was (213) 443-3100. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

[X] **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in sealed envelope(s) or package(s) designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 16, 2006, at Los Angeles, California.

_____
GAYLE DURAN

**SERVICE LIST**
*Romeo et al  v. The Home Depot USA, Inc.*
*Case No. GIC 867818*

| | |
|---|---|
| James M. Lindsay, Esq.<br>Gene J. Stonebarger, Esq.<br>**LINDSAY & STONEBARGER**<br>1107  9th Street, Suite 1020<br>Sacramento, CA 95814<br>Tel: (916) 446-0032 | Lead Counsel for Plaintiffs and the Class |
| James R. Patterson, Esq.<br>Harry W. Harrison, Esq.<br>**HARRISON PATTERSON & O'CONNOR LLP**<br>402 West Broadway, Suite 905<br>San Diego, CA 92101<br>Tel:  (619) 756-6990<br>Fax: (619) 756-6991 | Counsel for the Plaintiffs and the Class |

20236/1939245.1

PROOF OF SERVICE