# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ROMEO, individually, and CLIFFORD KIDD, individually, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>  vs.<br><br>THE HOME DEPOT U.S.A., INC., et al.,<br><br>    Defendants. | CASE NO. 06CV1505 IEG (BLM)<br><br>**ORDER (1) DENYING PLAINTIFFS' MOTION TO REMAND and (2) DENYING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>(Doc. No. 8.) |

Presently before the Court is a motion to remand brought by Joe Romeo and Clifford Kidd ("plaintiffs"). (Doc. No. 8.) For the following reasons, the Court denies plaintiffs' motion to remand and denies plaintiffs' request for attorney's fees and costs.

## BACKGROUND

**A.    Factual History**

On or about January 9, 2006 plaintiff Kidd entered a Home Depot store within San Diego County to return an item previously purchased with a credit card. (Compl. ¶ 19.) Plaintiff Kidd

1  presented a Home Depot employee with a receipt of his previous purchase. (Id. ¶ 21.) A Home Depot
2  employee printed out a credit card transaction form, which contained a preprinted space to fill in the
3  cardholder's telephone number. (Id. ¶ 22.) "Believing that he was required to do so in order to
4  complete the transaction, [plaintiff] . . . then wrote his telephone number on the credit card transaction
5  form in the space provided . . . signed the form and then handed it back" to the employee. (Id. ¶ 23.)
6  The employee entered the information into the cash register and finished the transaction. (Id. ¶ 24.)

   The exact same facts took place with respect to plaintiff Romeo at another Home Depot store
8  in San Diego County, on or about May 23, 2006. (Id. ¶¶ 13-18.)

**B.     Procedural History**

10   On June 20, 2006, plaintiffs filed their complaint in San Diego Superior Court alleging, on
11  behalf of themselves and others similarly situated in California, a violation of the Song-Beverly Credit
12  Card Act. Cal. Civ. Code §§ 1747 et seq.[1] Plaintiffs seek statutory penalties; preliminary and
13  permanent injunctions prohibiting defendants from using a credit card form with a preprinted space
14  for the cardholder's telephone number, and ordering defendants to change their credit card forms;
15  attorneys' fees; costs of suit; and prejudgment interest. (Compl. at Prayer for Relief.)

16   On July 26, 2006, defendants removed the case to this Court. (Doc. No. 1.) On August 29,
17  2006, plaintiffs filed a motion to remand. (Doc. No. 8.) On September 11, 2006, defendants filed
18  their opposition. (Doc. No. 11.) On September 18, 2006 plaintiffs filed their reply. (Doc. No. 12.)
19  On September 21, 2006, this Court ordered defendants to submit supplemental briefing and evidence
20  on the issue of the amount in controversy in the litigation. (Doc. No. 13.) On September 28, 2006,
21  defendants filed their supplemental memorandum along with the declaration of Kim Sentovich. (Doc
22  Nos. 14-15.) The matter is now fully briefed, and the Court finds it appropriate for disposition without
23  oral argument pursuant to Civil Local Rule 7.1(d)(1).

---

[1] California Civil Code § 1747.08(a)(3) (Deering 2006) provides: "no . . . corporation that accepts credit cards for the transaction of business shall . . . :

(3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designed for filling in any personal identification information of the cardholder."

The statutory definition of "personal identification information" includes the cardholder's telephone number. Id. § 1747.08(b).

# DISCUSSION

**A.    Legal Standard**

An action is removable to federal court if it might have been brought there originally. 28 U.S.C. § 1441(a). Pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005), district courts have jurisdiction over class actions in which the amount in controversy exceeds $5 million in the aggregate and any one member of the plaintiff class is diverse from any defendant. 28 U.S.C. § 1332(d)(2). "Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006). However, the CAFA removal provision "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." S. Rep. No. 109-14, at 43 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 41. The district court should "interpret[] expansively" its power to aggregate individual class members' claims, and, where the court is in doubt whether the aggregated claims exceed $5 million, "the court should err in favor of exercising jurisdiction over the case." Id. at 42, as reprinted in 2005 U.S.C.C.A.N. at 40.

The district court must first consider whether it is "facially apparent" from the complaint that the jurisdictional amount in controversy requirement is met. Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997). When the complaint is not clear, "the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Establishing the amount in controversy requires more than a "mere averment" that the requisite amount is at stake. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). Rather, defendants are expected to put forth "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Valdez v. Allstate Ins. Co., 373 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted). The Court may consider the defendant's notice of removal and further pleadings to determine whether the defendant has properly substantiated the amount in controversy. Cohn v. Petsmart Inc., 281 F.3d 837, 840 n.1. (9th Cir. 2002).

**B.    Analysis**

A violator of California Civil Code § 1747.08 "shall be subject to a civil penalty not to exceed

1  two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each
2  subsequent violation[.]" § 1747.08(e).  The amount of statutory damages in controversy is "facially
3  apparent" from the complaint: plaintiffs seek the statutory maximum.  (Compl. ¶¶ 30, 38 (plaintiffs
4  and class members "are entitled to civil penalties in amounts of up to one thousand dollars ($1,000)
5  per violation")).

6        What is not "facially apparent" from the complaint–and, therefore, what defendants must prove
7  by a preponderance of the evidence–is the number of alleged violations during the year prior to the
8  filing of the complaint.[2]  To establish the number of alleged violations, defendants have included with
9  their supplemental brief the declaration of Kim Sentovich, a regional vice-president with Home Depot.
10 (See Sentovich Decla. in Opp. to Motion ¶ 1.)  Ms. Sentovich supervises operations of one third of
11 California's Home Depot retail stores, and is familiar with the operations of other Home Depot stores
12 not directly under her supervision.  (Id.)  Under penalty of perjury, Ms. Sentovich declares, "Home
13 Depot's California stores processes [sic] an average of 60,000 credit card refund transactions per
14 year."[3]  (Id. ¶ 3.)  If plaintiffs receive the statutory maximum for all of these transactions, the amount
15 in statutory damages in controversy would equal nearly $60 million.[4]  (Supp. Opp., at 2.)  Even
16 without considering the plaintiffs' other forms of requested relief (e.g., injunction, attorneys' fees),
17 defendants have proven plaintiffs' complaint satisfies CAFA's $5 million aggregate amount in

---

[2] Plaintiffs define the class as all persons within the year prior to the filing of the complaint who entered into credit card refund transactions in which defendants used a form with a preprinted space for the cardholder's telephone number. (Compl. ¶ 25.) Plaintiffs also define a "subclass" of all class members who actually provided their telephone number on the credit card refund form. (Id.) However, based on the language of the statute, the subclass appears to be irrelevant because the statutory violation is the utilization of a form with a preprinted space for personal identification information. See Cal. Civ. Code § 1747.08(a)(3) (omitting any requirement that the recipient of the form actually provide the personal identification information).

[3] Ms. Sentovich bases her testimony on the multiplication of the number of Home Depot stores in California (approximately two hundred) times the number of credit card refund transactions that each store processes annually (at least three hundred).

[4] The total amount of statutory damages is slightly less than $60 million because plaintiffs would receive only $250 for the first violation.

controversy.[5]

Plaintiffs cannot avoid satisfaction of the amount in controversy by alleging it would be "far from reasonable to infer that a court or jury" would award the statutory maximum. (Reply, at 2-3.) Where plaintiffs pray for statutory penalties "up to" the statutory maximum of $1,000 per violation, this Court would remand for lack of subject matter jurisdiction only if it "'appear[ed] to a legal certainty that the claim is really for less than the jurisdictional amount.'" Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000) (quoting Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938))). While plaintiffs may not eventually receive the statutory maximum for each violation, plaintiffs have not established "to a legal certainty" that the aggregate amount in controversy–including statutory damages, attorneys' fees, and value of the injunction–would fall below $5 million.

### 2. Attorney's Fees and Costs

Plaintiff requests attorney's fees and costs as provided for by law. See 28 U.S.C. § 1447 (c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal"). Having denied plaintiffs' motion to remand, the Court obviously believes defendants had "an objectively reasonable basis" to remove this case. See Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 711 (2005); Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (denying attorney's fees when the removing party had an "objectively reasonable basis").

## CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiffs' motion to remand and **DENIES** plaintiffs' request for attorney's fees.

**IT IS SO ORDERED.**

DATED: October 30, 2006

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[5] Because the Court bases its denial of plaintiffs' motion to remand on the Sentovich declaration, the Court denies plaintiffs' request for "immediate discovery" on defendants' representations in their Notice of Removal.