# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ROMEO, individually, and CLIFFORD KIDD, individually, on behalf of themselves and all other similarly situated,<br><br>　　　　　　　　　　　　　　　Plaintiffs,<br>　vs.<br><br>THE HOME DEPOT U.S.A., INC, a Delaware Corporation, dba HOME DEPOT U.S.A. INC. and EXPO DESIGN CENTER and DOES 1 through 50, inclusive, UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　　　　Defendants. | **CASE NO. 06CV1505 IEG (WMc)**<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>(Doc. No. 58, 62, 68, 72, ) |

Presently before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order Granting Defendant's Motion for Summary Judgment. (Doc. No. 58.) For the reasons set forth below, the Court **DENIES** Plaintiffs' motion.

This class action suit challenges Defendant's use of a credit card refund form with a preprinted space for a customer's telephone number as a violation of the Song-Beverly Credit Card Act ("Song-Beverly" or "the Act"), Cal. Civ. Code § 1747.08. Under the Act:

> [N]o person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall . . . [u]tilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder.

Cal. Civ. Code § 1747.08(a)(3). The Act provides for civil penalties of $250 for the first violation and $1000 for each subsequent violation. See id. § 1747.08(e).

1    On October 17, 2007, the Court granted Defendant's motion for summary judgment after determining that California Civil Code Section 1747.08(a)(3) does not apply to credit card return transactions. (Doc. No. 58.)

Plaintiffs subsequently moved the Court to relieve Plaintiffs from the Court's order and requested the Court stay entry of any judgment in this case pending the outcome of a then pending case before the California Court of Appeal, Fourth District, Division Three, which was to adjudicate the underlying issue of whether Section 17.47.08(a)(3) of the Act applies to return transactions. (Id., Ex. A-C.)

On January 28, 2008, the Court stayed consideration of Plaintiffs' Motion for Reconsideration pending the California Court of Appeal ruling. (Doc. No. 72.)

On June 6, 2008, Defendant filed notice with this Court of the published decision of the California Court of Appeal in TJX Companies, Inc. v. Superior Court, 163 Cal.App.4th 80 (Cal.Ct. App. 2008). In its opinion, the appellate court reached the same conclusion this Court had in its prior order—finding the Song-Beverly Credit Card Act does not apply to credit card refund transactions. Id. at 87-88.

In light of the California Court of Appeals decision, the Court lifted the STAY ordered on January 28, 2008. (Doc. No. 78.)

The Court now also DENIES Plaintiff's Motion for Reconsideration. The stated ground for the motion—a potential inconsistency between federal court and state court interpretation of the Song-Beverly Credit Card Act—has been undercut by the Court of Appeals decision which sets forth no inconsistency between this Court's interpretation of the disputed provision and that of the California state courts. The Clerk shall close the case.

**IT IS SO ORDERED.**

**DATED: July 7, 2008**

　　　　　　　　　　　　　　　　　　　　　　　　　*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**