1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ROMEO, individually, and CLIFFORD KIDD, individually, on behalf of themselves and all other similarly situated,<br><br>                                        Plaintiffs,<br><br>          vs.<br><br>THE HOME DEPOT U.S.A., INC, a Delaware Corporation, dba HOME DEPOT U.S.A. INC. and EXPO DESIGN CENTER and DOES 1 through 50, inclusive, UNITED STATES OF AMERICA,<br><br>                                        Defendants. | **CASE NO. 06CV1505 IEG (WMc)**<br><br>**ORDER DENYING MOTION TO RE-TAX COSTS**<br><br>(Doc. No. 73) |

Plaintiffs move the Court for an order re-taxing costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Civil Rule 54.1.h.  Defendant has filed an opposition, and Plaintiffs have filed a reply. For the reasons set forth herein, Plaintiffs' motion is DENIED.

### *Background*

Plaintiffs filed this putative class action case on June 15, 2006, alleging violation of the Song-Beverly Credit Card Act, Cal. Civ. Code § 1747.08 *et seq.*  On October 16, 2007, the Court granted summary judgment in favor of Defendant on the basis § 1747.08(a)(3) did not apply to credit card refund transactions.  Defendant submitted a bill of costs to the Clerk in the amount of $3,619.52.  Following the Clerk's hearing on November 21, 2007, the Clerk taxed costs in the amount of $2,670.87.  Plaintiffs timely filed a motion to re-tax costs pursuant to Fed. R. Civ. P. 54(d)(1).

***Discussion***

Pursuant to Fed. R. Civ. P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." This rule creates a strong presumption in favor of awarding costs to a prevailing party, but also vests the court with discretion to deny costs. <u>Miles v. State of California</u>, 320 F.3d 986, 988 (9th Cir. 2003); <u>Association of Mexican-American Educators v. State of California</u>, 231 F.3d 572, 592 (9th Cir. 2000).

If the district court denies costs to a prevailing party, it "must 'specify reasons' for its refusal to award costs." <u>Association of Mexican-American Educators</u>, 231 F.3d at 592 (quoting <u>National Info. Servs., Inc. v. TRW, Inc.</u>, 51 F.3d 1470, 1471 (9th Cir. 1995)). The Ninth Circuit has approved of the district court's denial of costs for many reasons, including the following: the losing party's limited financial resources, misconduct on the part of the prevailing party, the chilling effect high costs might have on future civil rights litigants, the substantial public importance of issues raised in the case, great economic disparity between the parties, and the substance and difficulty of the issues raised. <u>Association of Mexican-American Educators</u>, 231 F.3d at 592 (internal citations omitted).

Plaintiffs argue the Court should deny costs because this case involved issues of public importance, there is economic disparity between Plaintiffs and Defendant, the issues in the case were close and Plaintiffs' claims had merit, an award of costs will have a chilling effect on future litigants, the public derived a benefit from this case from the Defendant's change in its business practices, and the Defendant's costs were incurred unnecessarily. On review, however, the Court finds this is not the type of extraordinary case in which it is appropriate or equitable to deny the prevailing party its costs. First, although Plaintiffs alleged an arguable claim under the Song-Beverly Credit Card Act, the issues raised are not ones of such substantial public importance that it would be appropriate to override the presumption Defendant, as prevailing party, should recover costs.

Second, although Plaintiffs point to the great economic disparity between Defendant and Plaintiffs, there is no suggestion Plaintiffs would be burdened by the payment of the modest

1  amount of costs awarded by the Clerk.  See Miles, 320 F.3d at 988 (noting the plaintiff presented

2  no evidence to the trial court of financial difficulty in paying cost award); compare Association of

3  Mexican-American Educators, 231 F.3d at 592 (district court properly denied defendants claim for

4  $216,443.67 in costs because the case was "extraordinarily important," the costs were

5  "extraordinarily high," and plaintiffs had very limited resources).  Third, because the Song-

6  Beverly Credit Card Act provides for statutory damages, which could be substantial in a class

7  action such as alleged in this case, the Court finds an award of modest costs to Defendant in this

8  case will not chill future litigants from pursuing enforcement of the Act.

9       Plaintiffs argue the Court should not punish them by awarding costs to Defendant.

10  However, costs are to be awarded to the prevailing party as a matter of course under Rule 54(b)(1),

11  and such an award of costs is not punitive in any way.  Plaintiffs also argue Defendant should not

12  be awarded costs incurred for discovery because the Court's summary judgment order was

13  ultimately based upon a legal ground which Defendant could have raised at the motion to dismiss

14  stage.  However, the Court finds Defendant's litigation strategy was not unreasonable so as to

15  justify denial of costs.

16       Finally, Plaintiffs ask the Court to re-calculate the amount of costs awarded by the Clerk

17  for deposition transcripts.  In particular, Plaintiffs argue Defendant was entitled to recover only the

18  cost for the videotape depositions of Joe Romeo and Clifford Kidd ($944.50), rather than the cost

19  for the stenographic cost of those depositions ($1,503.20).  Pursuant to Local Civil Rule

20  54.1.b.3.b.  where a deposition is recorded both stenographically and by video, if neither version is

21  used at trial, "the cost of the less expensive deposition will be allowed . . ."  This Local Rule

22  provision, however, clarifies the deposition costs recoverable where a case proceeds to trial.  This

23  case was resolved short of trial, by summary judgment.  A contrary reading of the Local Rule, to

24  apply to cases such as this which were resolved prior to trial, would place the Rule in conflict with

25  the authorizing statute, 28 U.S.C. § 1920(2), which specifically allows for the recovery of "[f]ees

26  of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in

27  the case."  Although trial courts have discretion to interpret the meaning of phrases used in § 1920,

28  that interpretation cannot be more narrow than what is allowable under § 1920.  Aflflex Corp. v.

1   Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990). Therefore, the Court denies

2   Plaintiffs' request to recalculate the amount of costs awarded to Defendant for the two depositions.

3                                              *Conclusion*

4          For the reasons set forth herein, the Court DENIES Plaintiffs' motion to re-tax costs [Doc.

5   No. 73].

6          **IT IS SO ORDERED**.

7

8   **DATED:  August 22, 2008**

9                                              _____
                                               **IRMA E. GONZALEZ, Chief Judge**
10                                             **United States District Court**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28